UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:23-cv-2212-BHH |
| HYDROFLY, LLC<br>D/B/A HYDROFLY WATERSPORTS<br>D/B/A TIKI TOURS OF CHARLESTON; and<br>SAMUEL GEORGE PANNIER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Secretary of the United States Department of the Army, acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action commenced under Section 17 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 413. The United States seeks injunctive relief against Defendants Samuel George Pannier; and Hydrofly, LLC d/b/a Hydrofly Watersports d/b/a Tiki Tours of Charleston (collectively "Defendants") for: (a) the construction, installation and placement of a floating dock structure referred to herein as the "Tiki Hut" in navigable waters of the United States without authorization, in violation of RHA Section 10, 33 U.S.C. § 403; and (b) the creation of an obstruction to the navigable capacity of navigable waters of the United States without authorization, in violation of RHA Section 10, 33 U.S.C. § 403.

2. In this action, the United States seeks: (a) injunctive relief compelling Defendants to remove the unauthorized structure alleged herein from navigable waters of the United States; (b) injunctive relief compelling Defendants to remove the unauthorized obstruction alleged herein to the navigable capacity of navigable waters of the United States; (c) injunctive relief enjoining Defendants from further building structures in navigable waters of the United States, except in compliance with the RHA; (d) injunctive relief enjoining Defendants from creating obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA; (e) an award to the United States of costs and disbursements in this action; (f) an order requiring an accounting by Defendants of the use of proceeds from operating a commercial facility from the Tiki Hut as described in this Complaint and the disgorgement by Defendants of those proceeds to effect the remedial purposes of the RHA and (g) such other relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to RHA Section 12, 33 U.S.C. § 406, and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 121, 1391(b) and (c) because Defendants conduct business in this District; Defendant, Samuel George Pannier, resides in this District; the unauthorized structure is unlawfully moored in the Ashley River, navigable waters of the United States that are located in this District; and the cause of action alleged herein arose in this District.

## PARTIES

5. Plaintiff is the United States, and authority to bring this action is vested in the United States Department of Justice pursuant to Section 17 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 413, and 28 U.S.C. §§ 516 and 519.

6. Upon information and belief, Defendant, Samuel George Pannier, is an individual who resides in Charleston County, South Carolina.

7. Upon information and belief, Defendant, Samuel George Pannier, owns a parcel of real estate in Charleston County, South Carolina, with Tax Map Sequence ("TMS") number 421-07-00-818, and with address 717 Woodward Avenue, Charleston, South Carolina 29407.

8. Upon information and belief, Defendant, Hydrofly, LLC d/b/a Hydrofly Watersports d/b/a Tiki Tours of Charleston ("Hydrofly"), is a corporation formed under the laws of South Carolina that conducts business at 185 Lockwood Drive, Charleston, South Carolina 29403.

9. Upon information and belief, Defendants owned, operated or otherwise controlled the Tiki Hut at all times relevant to this action.

## STATUTORY AND REGULATORY BACKGROUND

10. RHA Section 10, 33 U.S.C. § 403, prohibits the "creation of any obstruction . . . to the navigable capacity of any of the waters of the United States."

11. RHA Section 10, 33 U.S.C. § 403, provides that it "shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside of established harbor lines, or where no harbor lines have been established,

except on plans recommend by the Chief of Engineers and authorized by the Secretary of the Army."

12.     RHA Section 10, 33 U.S.C. § 403, provides that it "shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor or refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same."

13.     "Navigable waters of the United States are those waters that are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. A determination of navigability, once made, applies laterally over the entire surface of the waterbody, and is not extinguished by later actions or events which impede or destroy navigable capacity." 33 C.F.R. § 329.4; *see also* 33 C.F.R. § 322.2(a).

14.     "The term structure shall include, without limitation, any pier, boat dock, boat ramp, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, riprap, jetty, artificial island, artificial reef, permanent mooring structure, power transmission line, permanently moored floating vessel, piling, aid to navigation, or any other obstacle or obstruction." 33 C.F.R. § 322.2(b).

15.     A Department of the Army permit is required under RHA Section 10, 33 U.S.C. § 403, for structures or work in or affecting navigable waters of the United States. 33 C.F.R. § 322.3(a).

16.     RHA Section 12, 33 U.S.C. § 406, provides that "the removal of any structures or parts of structures erected in violation of the provisions of the said sections [33 U.S.C. § 403] may

4

be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States."

17. The equitable relief contained in RHA Section 12, 33 U.S.C. § 406, has been construed to include disgorgement of profits for violation of RHA Section 10, 33 U.S.C. § 403. *See United States v. Republic Steel Corp.*, 362 U.S. 482, 492 (1960) (holding that the structuring of appropriate remedies under the RHA may rest on inferences drawn from the specific language or the broadly defined purpose of the RHA); *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946) ("Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief.").

## GENERAL ALLEGATIONS

A.     THE ASHLEY RIVER IS A NAVIGABLE WATER OF THE UNITED STATES

18. The Ashley River is subject to the ebb and flow of the tide.

19. The Ashley River is used or may be susceptible for use to transport interstate or foreign commerce.

20. The Ashley River constitutes navigable waters of the United States within the meaning of the RHA, including RHA Section 10, 33 U.S.C. § 403.

21. The Ashley River constitutes "navigable waters of the United States" as that term is defined in 33 C.F.R § 329.4.

22. The Ashley River constitutes "navigable waters of the United States" as that term is defined in 33 C.F.R. § 322.2(a).

23. The Ashley River is a Federal channel, and this portion of the Ashley River is known as the Ashley River Channel.

**B.    THE TIKI HUT**

24.    In or around March 2018, Defendants (and/or persons acting on their behalf or at their direction) constructed, installed, and placed the Tiki Hut in the Ashley River (Latitude: 32.789103 °N, Longitude: -79.965605 °W).

25.    Upon information and belief, the Tiki Hut is built on floating pontoons, and has two-levels and an interior space on the first level; the exact dimensions of the Tiki Hut are not known to Plaintiff.

26.    From March 2018 to the March 2020, Defendants (and/or persons acting on their behalf or at their direction) commercially operated the Tiki Hut in the Ashley River.

27.    Upon information and belief, in or around March 2020, Defendants removed the Tiki Hut from navigable waters of the United States at the direction of the U.S. Army Corps of Engineers, Charleston District.

28.    Upon information and belief, in or around June to July 2020, Defendants (and/or persons acting on their behalf or at their direction) installed and placed the Tiki Hut back in the Ashley River near Brittlebank Park.

29.    Upon information and belief, in or around June to July 2020, Defendants (and/or persons acting on their behalf or at their direction) resumed commercial operation of the Tiki Hut in the Ashley River.

30.   Upon information and belief, in or around November 2020, Defendants (and/or persons acting on their behalf or at their direction) moved the Tiki Hut to a different location in the Ashley River (Latitude: 32.77716 °N, Longitude: -79.95564°W).

31.    The Tiki Hut is and has been moored in the Ashley River (Latitude: 32.77716 °N, Longitude: -79.95564°W).

32. The moored location of the Tiki Hut is approximately 410 feet from the edge of the Ashley River Channel and 285 feet outside of the construction setback for the Ashley River Channel.

33. As a point of reference, the Tiki Hut is moored on the east side of the Robert B. Scarborough Bridge (James Island Expressway, S.C. Hwy 30).

34. The structure and/or obstruction known as the Tiki Hut presents a potential risk and/or hazard to navigation, property, and public safety on the Ashley River.

35. A photograph of the Tiki Hut is attached, and incorporated into this Complaint, as Appendix A.

### COUNT I: Violation of the Rivers and Harbors Act of 1899

36. The United States repeats the allegations set forth in Paragraphs 1 through 35 of this Complaint.

37. The Tiki Hut as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) in navigable waters of the United States constitutes a "structure" within the meaning of RHA Section 10, 33 U.S.C. § 403.

38. The Tiki Hut as constructed, installed, and placed by Defendants (and/or persons acting on their behalf or at their direction) in navigable waters of the United States constitutes a "structure," as that term is defined in 33 C.F.R. § 322.2(b).

39. The Tiki Hut is also an obstruction to the navigable capacity of navigable waters of the United States.

40. The Tiki Hut required authorization under RHA Section 10, 33 U.S.C. § 403, and the Corps' implementing regulations at 33 C.F.R. Part 322, including 33 C.F.R. § 322.3(a), for its construction, installation, and placement in navigable waters of the United States.

41. Defendants did not obtain a Department of the Army permit for the construction, installation, and placement of the Tiki Hut in the Ashley River as required by RHA Section 10, 33 U.S.C. § 403.

42. The unauthorized construction, installation, and placement of the Tiki Hut structure in navigable waters of the United States violates RHA Section 10, 33 U.S.C. § 403.

43. The Tiki Hut's unauthorized obstruction to the navigable capacity of navigable waters of the United States violates RHA Section 10, 33 U.S.C. § 403.

44. Defendants have violated and continue to violate RHA Section 10, 33 U.S.C. § 403, by: (a) the construction, installation, and placement of the Tiki Hut structure in the Ashley River without a Department of the Army permit; and (b) the creation of an obstruction to the navigable capacity of navigable waters of the United States without a Department of the Army permit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States, respectfully requests that this Court order the following relief:

a. Compel Defendants to remove the unauthorized Tiki Hut structure alleged herein from navigable waters of the United States pursuant to the RHA, 33 U.S.C. § 401 et. seq., and in accordance with all other requirements of law, including federal, state, and local law, after conferring with the relevant authorities, including the Corps, the South Carolina Department of Health and Environmental Control, and the South Carolina Department of Natural Resources;

b. Compel Defendants to remove the unauthorized obstruction alleged herein to the navigable capacity of navigable waters of the United States pursuant to the RHA 33 U.S.C. § 401 et. seq., and in accordance with all other requirements of law, including federal, state and local law, after conferring with the relevant authorities, including the Corps, the South Carolina

Department of Health and Environmental Control, and the South Carolina Department of Natural Resources;

    c.    Enjoin Defendants from further building structures in navigable waters of the United States, except in compliance with the RHA;

    d.    Enjoin Defendants from creating obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA;

    e.    Award the United States costs and disbursements in this action;

    f.    Order an accounting by Defendants of the use of proceeds from operating a commercial facility from the Tiki Hut as described in this Complaint and the disgorgement by Defendants of those proceeds to effect the remedial purposes of the RHA; and

    g.    Grant such other relief as the Court deems just and proper.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:   *s/ Beth C. Drake*
       BETH C. DRAKE (#5598)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, SC  29201
       Phone:  (803) 929-3061
       Email:  Beth.Drake@usdoj.gov

May 24, 2023

Appendix A:   Photograph of the Tiki Hut

Appendix A: Photograph of the Tiki Hut



(Photograph, July 19, 2020)